Matter of the Estate of LUCILLE H. UNDERHILL, Infant.

(Surrogate's Court, New York County, June, 1921.)

A third person cannot be appointed a testamentary guardian jointly with a surviving parent.

APPLICATION for issuance of letters of testamentary guardianship.

Frank R. Greene, for petitioners.

Joseph H. Dodin, special guardian.

FOLEY, S.   This is an application for the issuance of letters of testamentary guardianship to Henrietta D. Underhill, the mother of the infant, and to Claude V. Pallister, of Mountain Lakes, N. J.   The above named persons were appointed testamentary guardians in the last will and testament of James W. Underhill, the father of the infant.   Section 81 of the Domestic Relations Law provides that " Either the father or mother may in the life-time of them both, by last will duly executed, appoint the other the guardian of the person and property of such child, during its minority."   The statute has no provision for the appointment of the surviving parent jointly with another person.   It should be noted that the will appointed a stranger as testamentary guardian, and in the case of his death another stranger was to act. This clause of the will was revoked by the codicil, which appointed the wife and Claude V. Pallister. There is no question here of unfitness or improvidence on the part of the surviving parent.

I am of the opinion that the appointment of any person jointly with the surviving parent as testamentary guardians is void and that only the surviv-

ing parent may qualify. The same conclusion was reached by Surrogate Thomas, upon identical facts in *Matter of Steiner Infants,* memo. filed July 25, 1900. Comment is unnecessary on this policy of the law permitting a parent, in a will, to award the custody and property of the child to the surviving parent only.

Letters of testamentary guardianship in this matter may issue to the surviving parent only.

Decreed accordingly.